

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*  E-mail: sean.hoar@usdoj.gov
*1000 SW 3rd Ave., Suite 600*  (503) 727-1040
*Portland, Oregon  97204*  Fax: (503) 727-1117

**Sean B. Hoar, Assistant U.S. Attorney**

April 12, 2013

Per C. Olson
Hoevet, Boise & Olson, P.C.
1001 SW Broadway, Suite 1500
Portland, Oregon  97204

Re: *United States v. Cyrus Andrew Sullivan*, Case No. 3:13-CR-00064-HZ

Dear Per:

      I have obtained authorization to propose the following plea agreement between your client, Cyrus Andrew Sullivan, and this office.

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to waive his right to indictment and plead guilty to an information which charges him in Count 1 with making a threatening communication in violation of 18 U.S.C. § 875(c).

3.     **Elements**:  Defendant understands that the elements of making a threatening communication, as alleged in Count 1 and to which he is pleading guilty, are as follows:

    a.     First, on or about June 4, 2012, in the District of Oregon, defendant knowingly caused a transmission in interstate or foreign commerce:  an email communication via the Internet;

    b.     Second, the transmission was a communication containing a threat to injure another person, which a reasonable person would take as a serious expression of an intention to inflict bodily harm upon that person;

    c.     Third, defendant caused the transmission with the intent to threaten the other person;

Defendant agrees that the United States can prove beyond a reasonable doubt the elements of making a threatening communication as alleged in Count 1.

4.     **Penalties**:  Pursuant to 18 U.S.C. §§ 875(c), 3559(a)(4), 3571(b)(3), 3583(b)(2), and 3013(a)(2)(A), defendant is subject to the following maximum statutory penalties for committing the crime of making a threatening communication:  a five (5) year term of imprisonment, a $250,000 fine, a three (3) year term of supervised release, and a $100 fee assessment.  Defendant

Per C. Olson / *Cyrus Andrew Sullivan*
April 12, 2013
Page two of five

agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

5.      **Facts/Relevant Conduct**:   For purposes of relevant conduct pursuant to U.S.S.G. § 1B1.3, defendant and the United States agree that on or about June 4, 2012, in the District of Oregon, defendant knowingly transmitted an electronic mail message containing a threat to kill another person (A.K.).  The message traveled from Oregon to email servers in Europe before returning to a hotmail.com address belonging to A.K. which is hosted on email servers in the United States.  Defendant sent the following message on June 4, 2012 at 14:46 (2:46 p.m. PDT) from the email address webmaster@stdcarriers.com belonging to him, to an email address at hotmail.com belonging to A.K.:

> ". . . Now I have no choice but to come to your house armed and put an end to you once and for all. The only way you can stop this is by removing your stalker site and paying me $10,000.  You don't have a choice."

The following morning, June 5, 2012 at 4:57 a.m. PDT, defendant left the following voicemail message for the Chief Investigator of the Oregon Department of Justice, Consumer Protection Section who had communicated with defendant about civil complaints filed against him regarding information posted on web sites controlled by him:

> "Recorded voice:   To listen to your new messages, press two. To listen to your . . . Hi Geoff, this is Cyrus Sullivan. You probably remember me from running that website. Well, it turns out, um, you were impatient with me, but it turns out that I was right and that (A. K.) is my stalker. I've cc'd you on multiple emails over the past twenty-four or forty-eight hours regarding her activities in which I caught her dead, red-handed, anyway. Uh, um, based on meta data, on data she submitted, she submitted to me anyway.  And uh, well, I'm asking for your help here because (laughs) you're the only person that can prevent her from suffering the ultimate consequences it appears.  I have some events in motion that are going to eliminate her as a threat to my company.  And those events will kill her if she doesn't stop it.  Uh, you know the website that I referred to where her, uh, she basically stalked my family.  She changed it.  I told her that I was not gonna tolerate her uh, stalking and uh, well, I told her that if she put any more information up she was gonna die. And I put events in motion that will kill her within the next twenty-four hours.  You best tell her, tell her to knock it off because I finally got confirmation from Jon Groff that he actually was responsible for what took place but I cannot allow anyone to believe that they can um, you know, attack my family members just to screw up my business.  So, unless she is put in handcuffs or she agrees to capitulate within the next twenty-four hours, she is gonna die.  And if you screw with me on this with the police or anything, you're gonna be targeted by my new uh, anti-government targeting system, which you know about an alert list slash government, slash law enforcement.  Okay?  So, you better get on the phone with her and tell her to get in line because I'm on her, on her side because of what he did but if she keeps doing what she's doing, she's gonna be dead within the next twenty-four hours. So I trust you to do the right thing. Thank you. Bye."

Defendant agrees that the United States can prove these facts beyond a reasonable doubt.

Per C. Olson / *Cyrus Andrew Sullivan*
April 12, 2013
Page three of five

6.  **No Prosecution**:   The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation and known to the USAO at the time of this agreement.

7.  **Sentencing Factors**:   The parties agree to litigate the determination of the applicable advisory guideline range and the relevant factors under 18 U.S.C. § 3553(a).  The United States will likely recommend the following provisions:

    a.  Base offense level:  The USAO will recommend, pursuant to U.S.S.G. § 2A6.1(a)(1), that the base offense level is 12 because the offense of conviction is making a threatening communication.

    b.  Conduct evidencing threat:  The USAO will recommend, pursuant to U.S.S.G. § 2A6.1(b)(1), that the offense level be increased six (6) levels because the offense involved conduct evidencing an intent to carry out the threat.

    c.  Multiple threats:  The USAO will recommend, pursuant to U.S.S.G. § 2A6.1(b)(2), that the offense level be increased two (2) levels because the offense involved more than two threats.

    d.  Obstruction of justice:  The USAO will recommend, pursuant to U.S.S.G. § 3C1.1, that defendant's offense level be increased two (2) levels for obstructing or impeding the administration of justice.

8.  **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a three (3) level reduction in his offense level if it is 16 or greater, or a two (2) level reduction if it is 15 or less.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.  **Conditions of sentence/supervised release**:  Among other things, the USAO will recommend that defendant be prohibited from accessing any online computer service or using or possessing any computers, including any handheld or electronic device capable of connecting to any online service or data storage medium, without the prior written approval of the respective U.S. Probation Officer. The USAO understands that defendant will likely object to this recommendation.

10. **Restitution**:  Defendant agrees, pursuant to 18 U.S.C. § 3663A, to pay full and complete restitution as a condition of any sentence imposed in this matter to the victim of his offense if defendant is shown to be a proximate cause of any economic loss incurred by the victim.

11. **Detention/Removal of Information Disparaging to Victim**:  Defendant agrees to not seek release from custody pending sentencing.  Additionally, prior to sentencing, he agrees to remove or facilitate the removal of any information disparaging to the victim of his offense which was posted on the Internet by him or through websites under his control.  The USAO will

Per C. Olson / *Cyrus Andrew Sullivan*
April 12, 2013
Page four of five

encourage the victim of the offense (A.K.) to remove or facilitate the removal of information about defendant which may have been posted on the Internet by or on behalf of A.K.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum penalty. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by April 26, 2013 at 5:00 p.m.

    Please contact me should you have any questions.

                          Sincerely,

                          S. AMANDA MARSHALL
                          United States Attorney

                          SEAN B. HOAR
                          Assistant United States Attorney

Per C. Olson / *Cyrus Andrew Sullivan*
April 12, 2013
Page five of five

       I HAVE CAREFULLY REVIEWED EVERY PART OF THIS AGREEMENT WITH MY ATTORNEY. I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS. I EXPRESSLY WAIVE MY RIGHTS TO APPEAL AS OUTLINED IN THIS AGREEMENT. I WISH TO PLEAD GUILTY BECAUSE, IN FACT, I AM GUILTY.

4/15/13
Date

_____
CYRUS ANDREW SULLIVAN
Defendant

       I REPRESENT DEFENDANT AS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED EVERY PART OF THIS AGREEMENT WITH DEFENDANT. TO MY KNOWLEDGE, DEFENDANT'S DECISIONS TO MAKE THIS AGREEMENT AND TO PLEAD GUILTY ARE INFORMED AND VOLUNTARY ONES.

4/15/13
Date

_____
PER C. OLSON
Attorney for Defendant

cc.    Charles Dodsworth, Special Agent
       Federal Bureau of Investigation