Cyrus Sullivan
74918-065
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CYRUS ANDREW SULLIVAN,<br><br>    DEFENDANT | 3:13-CR-00064-HZ<br>(3:15-CV-01082-HZ)<br><br><br><br>MOTION FOR RECONSIDERATION<br>AND AMENDMENT OF<br>JUDGMENT |

I the Defendant, Cyrus Andrew Sullivan, appearing pro-se, hereby move the court for reconsideration and amendment of judgment in response to The Court's Opinion and Order ("OO") of January 6, 2016 regarding my motion to vacate, set aside, or correct sentence under 28 USC 2255, in accordance with Federal Rule of Civil Procedure 59(e). This motion is necessary to correct errors, change the voluntariness of my appellate waiver, and widen the scope of the Certificate of Appealability ("COA").

Error of Law: Failure to Consider Jurisdictional Claim

In its order The Court erroneously failed to consider "Ground for Relief 8: Lack of Jurisdiction" on the grounds

1

that I waived the right to collaterally attack my sentence on any grounds except for ineffective assistance of counsel ("IAC"), (see OO, p. 2-3). While The Court is correct that my waiver of appeal ("WOA") only specifically stated IAC as the only permissable grounds for which a collateral attack may be filed, Ground for Relief 8 attacks the Superseding Information for having a non-waivable jurisdictional defect (see Memorandum in Support of Habeas Corpus, "My Memo", p. 75).

Rule 59(e) states "a motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment". "FRCP 59(e) motion to reconsider should be granted only to correct manifest errors of law or to present newly discovered evidence" Bence v. IBM (87 F.3d 419).

"The second ground for relief listed in Section 2255 is that 'The Court was without jurisdiction to impost the sentence.' Claims that the Court was without jurisdiction... that the indictment [or information] failed to state an offense - are afforded greater protection under section 2255 than constitutional issues because a jurisdictional defect can never be waived. As a result, the courts agree that the failure to raise a jurisdictional claim on direct appeal is not a procedural default or waiver, and the cause and prejudice test is not applicable." (28 Moore's Federal Practice 6/2.05 (Matthew Bender 3d ed.)).

When the indictment or information fails to charge the offense by failing to charge an essential element "We... hold that a plea of guilty to a charge does not waive a claim that judged on its face the charge is one the state may not constitutionally prosecute." Menna v. New York (423 US 61). See U.S. v. Mitchell (867 f.2d 1232) "the Government cannot sustain [my] conviction on a theory different than that charged". "Claim that indictment [or information] charged no offense is challenge to jurisdiction of convicting court and is not waived by guilty plea, hence may be raised for first time in 2255 petition because such error divests sentencing court of jurisdiction" U.S. v. Osiemi (980 F.2d 344).

The Osiemi court also rejected the Government's argument that Osiemi "should have filed a motion to dismiss", an argument similar to The Court's view that Mr. Olson should have sought to amend the information in my case by way of Rule 7(e) (OO. p. 18). In Finn v. U.S. (256 F.2d 212) a similar Rule 7(e) argument in opposition of post conviction relief was rejected "The Government's brief argues, without citing authority, that the point was waived because it was not raised by preliminary motion, we think the law is plainly to the contrary. Lesser defects are waived if not pointed out earlier, so as to allow the prosecution an opportunity to amend, Rules 7(e) and 12(b), F.R.Crim.Proc., 18 U.S.C.A. However, Rule 34 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., specifically

3

declares that if the information fails to charge an offense, the court shall arrest judgment."

The Court's argument that use of the word "knowingly" suffices (OO, p.17) is also erroneous. See U.S. v. Twine (853 F.2d 676) where the Ninth Circuit defined 875(c) as having two specific intent elements "specific intent to threaten...and to transmit". The Court's claim that "knowingly transmitted...anemail communication containing a threat to kill another person, A.K." includes both elements is false. The Court merely inappropriately merged the intent to transmit element of "knowingly transmitted and caused to be transmitted in interstate or foreign commerce a communication via the Internet containing a threat to kill another person" with the description of the offense that dupliciously states "to wit, an email communication via the Internet containing a threat to kill another person, A.K." in an effort to create a second specific intent element where none exists. Furthermore neither The Court nor The Government cite the Superseding Information as proof that I was informed of the elements of the crime before pleading guilty. See The Court's five reasons (OO, p.15) and The Government's Response ("GR", p.6-12). If the information charged the offense why must both The Government and The Court look elsewhere for proof to backup the assumption that I learned about every element from counsel or some other source?

4

I find the information in my case to be strikingly similar to the charging instruments in U.S. v. Martinez (736 F.3d 981), U.S. v. Landham (251 F.3d 1075), and U.S. v. Elonis (730 F.3d 321) from the Eleventh, Sixth, and Third Circuits. Parts of those charging instruments were as follows:

"Martinez conceded that she knowingly and willfully sent the November 10th email and that 'the email contained language that an objectively reasonable jury could find beyond a reasonable doubt to be a serious expression of an intent to injure another person'", Martinez.

"On or about a February 7th, 1998, in Lewis County, in the Eastern District of Kentucky, WILLIAM M. LANDHAM defendant herein, did knowingly transmit in interstate commerce a threat to kidnap another person, in that by interstate phone call he stated to Belita Landham words to the effect: 'I'm going to tell you something you...You will not have Priscilla by her second birthday, because I'm going to have all your children...You will not have Priscilla to raise...I'm going to get her'; all in violation of Title 18, United States Code, Section 875.", Landham. Note: That case was thrown out on appeal for not alleging objective intent to threaten.

"On or about November 6, 2010, through on or about Novemb-

er 15, 2010, in Bethlehem, in the Eastern District of Pennsylvania, and elsewhere, defendant ANTHONY DOUGLAS ELONIS knowingly and willfully transmitted in interstate and foreign commerce, via a computer and the internet, a communication to others, that is, a communication containing a threat to injure the person of another, specifically, a threat to injure and kill T.E., a person known to the grand jury. In violation of Title 18, United States Code, Section 875(c).", Elonis. Note: a reasonable person standard does not appear to have been in use in that circuit at that time, as that decision stated "to find a violation of 875(c) a defendant must transmit in interstate or foreign commerce a communication containing a threat to injure or kidnap a person."

What all of the aformentioned three cases have in common is that they all came from circuits where "knowingly transmitting the threat [made] the act criminal-not...the specific intent to cause fear in another" Martinez citing U.S. v. Fuller (387 F.3d 643, 7th Cir.). Fortunately for the people in those circuits the Supreme Court overturned the Elonis decision last year and in the process applied what was already the law in the Ninth Circuit to the rest of the country, see Elonis v. U.S. (192 L. Ed. 2d 1). It was of course the Supreme Court's decision to hear Elonis that made me realize that the Superseding Information in my case did not charge a crime against the statute and was

6

therefore fatally defective (My Memo, p. 3). Please vacate my conviction.

If the court still refuses to vacate my conviction on jurisdictional grounds then I ask that the COA be expanded to include Ground for Relief 8. The Court has already certified Ground for Relief 1 for appeal stating that I have made a "substantial showing of the denial of a constitutional right" on that issue, the arguments in support of which formed the initial basis for my jurisdictional claim. To say that "reasonable jurors would find District Court's assessment of [this] claim [] debatable or wrong", Slack v. McDaniel (529 U.S. 473), in the event that The Court continues to reject the jurisdictional claim would be the polar opposite of far fetched. "We hold that the right to be free of prosecution under an indictment [or information] that fails to charge an offense is a substantial right" U.S. v. Meecham (626 F.2d 503). Such claims are "aedequate to deserve encouragement to proceed further" Miller-El v. Cockrell (537 U.S. 322).

"Under 28 USCS 2255, any doubt whatsoever to grant certificate of appealability with respect to denial of habeas corpus is resolved in favor of petitioner" Russo v. Johnson (129 F Supp 122). If the Court is not sure about the merits of my jurisdictional claim then the COA must be expanded.

7

Error of Law: Failure to Consider Cronic Claim

When rejecting my arguments in Ground for Relief 3: Ineffective Counsel at Sentencing, under Inappropriate Release Conditions, The Court failed to address my claim under U.S. v. Cronic (466 U.S. 648) that Mr. Olson failed to "subject the prosecution's case to meaningful adversarial testing" at the sentencing hearing by stating "I don't want to take the position that Mr. Sullivan should just be able to do whatever he wants on the internet, on computers " (Sentencing Hearing Transcript, "SHT", p. 40).

The Court based its rejection of Ground for Relief 3 in part on Mr. Olson's brief advocacy against the conditions in his sentencing memorandum (OO, p. 26) which did contain an overbreadth argument as well as the fact that my income would be "tremendously impacted". The Court however is silent on the fact that Mr. Olson torpedoed those arguments at the sentencing hearing. His performance was so bad that The Government tried to use it as grounds to dismiss my appeal for failing to preserve the objection. Bronson James credited my personal objection for preserving that argument both to me in person and to the Ninth Circuit in his brief (Appelate Brief, "AB", p. 9-10). In my reply to the Government's Response (Defendant's Final Reply to the Government's Response, "My Reply") I pointed out that the Government never offered any constructive counter

8

argument against my Cronic claim (My Reply, p.14-16). and presented an exhibit explaining a correct application of Cronic (My Reply, Exhibit 2). If Mr. Olson's statement at the sentencing hearing does not qualify as IAC under Cronic then it would be difficult to say what would. Perhaps The Court would like to articulate for the record what part of "I don't want to take the position that Mr. Sullivan should just be able to do whatever he wants on the internet, with computers" is adversarial?

The other basis for The Court's rejection of Ground for Relief 3 when it comes to Inappropriate Release Conditions was that that the Ninth Circuit technically made them legal by erroneously declaring them constitutional and therefore failing to raise those issues caused no prejudice (OO, p. 26). The problem with The Court's opinion is that in order to grant IAC relief under Cronic "no specific showing of prejudice is required" because when the adversarial process breaks down "prejudice is presumed".

As established on the record in this case and countless others assistance of counsel is a substantial constitutional right. For the COA to be expanded I "must make a substantial showing of the denial of a federal right", Barefoot v. Estelle (463 U.S. 880). The record in this case clearly establishes that judges of reason have been debating Cronic claims for over 30 years, so saying that jurists of reason could do the same thing is not far fetched. Any doubts

about this should be resolved in my favor. Please expand the COA to include my IAC claim under Cronic that Mr. Olson failed to subject the prosecution's case to meaningful adversarial testing when it came to conditions of supervised release.

## New Evidence: Involuntary Waiver

When reading The Court's opinion I discovered that I could potentially challenge the voluntariness of my waiver of appeal as an independent claim (OO, p. 3) "he has not attacked the validity of his waiver". I did not package the involuntariness of the waiver as a claim independent of the involuntariness of the plea agreement as a whole. I did however attack the involuntariness of the plea in ways that can independently be applied to the waiver. Ways such as "I signed that waiver during the plea stage with the understanding that I would be represented by a reasonably competent lawyer to argue against any computer restrictions at sentencing" and "Had I known that Mr. Olson would completely abandon me at sentencing I would not have signed such a waiver or at least would have insisted on a waiver that did not apply to contested sentencing issues" (My Memo, p. 59). The Supreme Court recognized in Hill v. Lockheart (474 U.S. 52) that in the context of a plea agreement I need only show a "reasonable probability" that but for counsel's advise I would not have pled guilty. I ask that The Court apply the same standard to the involuntary waiver I entered

10

into based on false promises from Mr. Olson, conclude that there is a "reasonable probability" that I would not have waived my right to appeal if I knew that Mr. Olson would say "I don't want to take the position that Mr. Sullivan should be able to do whatever he wants on the internet, on computers" at sentencing, and reconsider all claims previously considered by The Court to be barred by the involuntary waiver or just vacate the conviction for involuntary waiver.

So far in this motion I have not made any new claims of fact and for fear of seeing this motion miscategorized as a second or successive 2255 I ask that The Court only consider what I am about to say if doing so would not require categorizing this motion as a second or successive 2255. Mr. Olson never told me that waivers of appeal and the conditions contained within are not mandatory. It wasn't until reading U.S. v. Sandoval-Lopez (122 F.3d 797) while writing My Memo that I realized the possibility to plea guilty while preserving the right to appeal and collaterally attack my conviction and sentence. The primary reason I had refused to plea up until the point in which The Government made the offer was to protect my right to use computers, so I held out for a contested sentencing because The Government would not agree to leave my computer rights alone. Had Mr. Olson advised me as to the possibility of anything other than what he called a "standard appellate waiver" I would have held out for one that allowed me to appeal and col-

11

laterally attack contested sentencing issues. I now argue that just as failure to advise a client of all possible defenses qualifies as IAC, so too should failure to advise a client of all possible plea agreement variables including waivers of rights. I also argue that any plea agreement entered into without being advised of alternative waivers is not knowingly, voluntarily, or intelligently made. Please reconsider all claims previously barred by this involuntary waiver or vacate my sentence because the plea was not voluntary, knowing, or intelligent due to an involuntary waiver.

If The Court refuses to declare the waiver involuntary due to IAC or otherwise, then please expand the COA to include this issue. Jurists of reason could easily disagree as to whether or not a waiver made under false pretenses is voluntary or if failing to advise a client of alternative waivers is competent legal advice, and if there is a "reasonable probability" that I would not have waived my rights had I known that I did not have to. Any constitutional right requiring a voluntary waiver to waive is substantial and as established IAC alleges a substantial violation of rights.

### New Evidence: IAC on Appeal

I now believe that Mr. James was ineffective on appeal

for failing to notice the jurisdictional defect in the Superseding Information and failing to raise a jurisdictional claim on appeal. As previously documented I noticed the defect and told Mr. James about it before he recommended that I file a 2255 around the time he failed to tell me that the appeal was dismissed (My Memo, p. 3). Since jurisdictional claims such as mine "shall be noticed by the court at any time", Meecham, Mr. James should have noticed the jurisdictional defect through due dilligence by applying the type of basic legal knowledge expected of reasonably competent lawyers and by actually taking the time to review all of the discovery. Please amend Ground for Relief 5 and reconsider it with this new information, unless doing so would require categorizing this motion as a succesive or second 2255.

As for The Court's opinion that my waiver also waived my right to challenge the effectiveness of appellate counsel (OO, p. 4-5) please consider my counter arguments against The Government's identical opinion (My Reply, p. 20-21). Please at the very least cite some case law or other proof to support The Court's opinion and reconsider my arguments along side it.

Please expand the COA to include the issue of IAC on appeal a.k.a Ground for Relief 5, plus grounds raised in this motion. Whether or not failing to notice a facially defective charging instrument was IAC, was a critical element of

Ground for Relief 1 for which The Court has already declare COA worthy and whether or not such incompetence constitutes IAC is easily debateble among jurists of reason. Effective assistance of counsel whether at trial or on appeal is a substantial non-waivable right.

Error of Law: Unfavorable Unanswered Allegations

"Where petition for writ of habeas corpus was denied without requiring respondant to answer and without a hearing, it had to be assumed on appeal that allegations in petition were true", House v. Mayo (324 U.S. 42). In My Reply I identified at least ten allegations that went unanswered or at least without constructive counter argument by The Government in their response. Those issues were prejudice caused by Tom Price (My Reply, p. 2), erroneously calling my email a "serious threat of violence" (My Reply, p. 12), failing to point out my stalker's libel (My Reply, p. 12), my stalker's multiple federal crimes against me (My Reply, p. 12) the poor quality of Mr. Olson's multiple threat argument (My Reply, p. 13), admitting to previous emails (My Reply, p. 14), failing to object to supervised release conditions (My Reply, p. 14-15), the necessity to vacate conviction to right this wrong (My Reply, p. 20), failing to argue for single instance departure (My Reply, p. 14), poor provocational departure argument (My Reply, p. 14), and my jurisdictional claim (My Reply, p. 20). My claims that the Government failed to make "constructive counter arguments" might as well claim that the claims were unanswered by the

respondant. I admit that Mayo applied to a case in which the respondant did not respond to anything at all, but the same could be said of a respondant that failed to respond to a specific issue or group of issues, or responded with no useful or almost no useful substance. Please reconsider these issues and amend the judgment in my favor on all of or at least some of them if The Court does not want to agree with me on everything, so long as doing so would not result in this motion being categorized as a second or successive 2255.

The questions of whether or not Mayo can be applied to specific issues as well as whether or not The Court making arguments for the respondant on otherwise unanswered or poorly answered claims, are issues debatable by reasonable jurists. Substantial rights denied by ruling against those claims are many. Please expand the COA.

## Conclusion

Please reconsider and favorably amend the judgment in this case to the fullest extent poissible under Rule 59(e) that would not cause this motion to be categorized as a second of succesive 2255. I have identified several errors of law in The Court's original opinion that need to be corrected, the most important of which being the failure to consider my jurisdictional claim. If The Court still won't vacate on jurisdictional grounds then please entertain and

grant all other claims of error, new evidence, and expand the COA to any claims rejected in response to this motion.

Respectfully Submitted,

_____  1/21/2016
Cyrus Andrew Sullivan, Defendant, Pro-Se