# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:13-CR-00064-JGZ |
| v. | ORDER |
| CYRUS ANDREW SULLIVAN, | |
| Defendant. | |

Defendant Cyrus Sullivan is the subject of two separate petitions alleging that he violated conditions of his first term of supervised release. The Court disposed of the first petition by revoking the term of supervision, before addressing the second petition, which had been filed the same day as the disposition hearing on the first petition. In revoking the term, the Court sentenced Defendant to a six month term of imprisonment followed by an additional 24 months' supervision. The question now arises whether the second petition, which remains pending, is actionable in light of this revocation. Based on

Page 1   ORDER

*United States v. Wing,* 682 F.3d 861 (9th Cir. 2012), the Court concludes that it is not, and will dismiss the pending petition.

## BACKGROUND

Defendant Cyrus Sullivan was convicted of making threatening communication in violation of 18 U.S.C. § 875(c) and sentenced to 24 months' imprisonment followed by three years of supervised release. (Doc. 54.) The term of supervision began on May 9, 2016. (*See* Doc. 140.)

On January 24, 2017, a petition to revoke the supervision was filed, alleging that Sullivan had violated his conditions of supervision by failing to comply with computer monitoring. (Docs. 130, 131)

On February 24, 2017, an amended petition was filed alleging that Sullivan had violated his conditions of supervision by contacting the victim; failing to follow instructions of the probation officer with regard to computer monitoring and use of the internet; and failing to work regularly at a lawful occupation. (Docs. 140, 141)

At a June 7, 2017 evidentiary hearing, the Court found that Sullivan had violated the computer monitoring and work conditions, but not the condition prohibiting contact with the victim. (Docs. 171, 173, 178 at 122–24.) Disposition was set for July 7, 2017. (Docs. 171, 172.)

On June 28, 2017, while detained on these petitions, Sullivan was involved in a physical altercation with Multnomah County correctional officers. The altercation

became the basis for the filing on July 6, 2017, of an amended petition to revoke the term of supervision, which was later replaced with a new petition for revocation of supervised release. (Docs. 174, 175, 177.) The Court signed the petition on July 7, 2017. (Doc. 179.)[1]

The disposition hearing on the January and February 2017 petitions was also held on July 7, 2017, and a follow up hearing was held on July 11, 2017. At the hearings, the Court revoked Sullivan's existing terms of supervised release in each case, and sentenced him to concurrent terms of six months' imprisonment, followed by 24 months' supervised release. (Docs. 181, 184, 190, 201.)

The July 7, 2017 petition to revoke remains pending.[2] In assessing the viability of the pending petition, the Court directed the parties to file simultaneous briefs addressing *Wing,* 682 F.3d 861 (9th Cir. 2012) (Doc. 233), which they have done. (Docs. 234, 235.)

## DISCUSSION

*United States v. Wing,* 682 F.3d 861 (9th Cir. 2012), is controlling precedent. In that case, the Ninth Circuit held that a subsequently imposed term of supervised release is a separate and distinct term with its own conditions, and its own beginning and end.

---

[1] A warrant issued on July 10, 2017. (Doc. 182.)

[2] In a separate matter, Sullivan is facing prosecution for the conduct alleged in the July 7, 2017 petition. (CR 17-306-JGZ.) The resolution of the July 7, 2017 petition has been deferred pending trial on the substantive charges that form the basis for the petition.

Although the facts in *Wing* differ from those presented in this case, the *Wing* court's reasoning dictates dismissal of the pending petition.

In *Wing*, the Montana district court revoked Wing's first term of supervised release, finding she had provided her probation officer with a falsified document; failed to obtain approval of her probation officer before making certain payments; incurred new debt without approval; and failed to submit timely monthly reports. Upon revocation the district court sentenced Wing to 3 months of imprisonment, followed by 33 months of supervised release. While Wing was serving the 3 month term of imprisonment, she was indicted for crimes allegedly committed in the state of Washington during her first term of supervision. The day before Wing's second term of supervision was to begin, Wing's Montana probation officer filed a (second) petition to revoke defendant's supervision on the basis of the new criminal charges.

Wing was convicted of the Washington charges and subsequently admitted to the violations alleged in the second petition. Based on her admission, the Montana district court revoked Wing's second term of supervised release and sentenced Wing to 33 months' imprisonment, consecutive to Wing's Washington sentence. Wing appealed, arguing that the district court lacked jurisdiction to revoke a term of supervision which had not yet commenced.

The Ninth Circuit remanded for further consideration of the argument, which had not been presented to the district court. On remand, the Montana court held that it had

jurisdiction to revoke Wing's second term of supervised release because the second revocation sentence related back to the original revocation and accounted for the additional violations that were not known to the court at that time of the original revocation. The district court explained that the first term of supervised release "retain[ed] vitality" and "continued to have some effect" even though it had been revoked, and that the court therefore had jurisdiction to adjust the first revocation sentence. *Id.* at 864 (brackets in original).

Wing again appealed, and the Ninth Circuit reversed, finding that the district court did not have jurisdiction to "adjust [] Wing's first revocation sentence by imposing a subsequent sentence." *Id.* at 864. The court examined the statutory scheme for imposition of subsequent terms of supervised release, and concluded 18 U.S.C. § 3583 allows for the imposition of "separate and distinct terms of supervised release . . . on a repeat offender of supervised release conditions. Each term has its own conditions as well as its own beginning and end (either by termination or revocation)." *Id.* at 864–65. The court concluded: "once a term of supervised release has been revoked, a later-discovered violation of a condition of that term cannot form the basis of a revocation of a subsequent term of supervised release." *Id.* at 865.

The reasoning of *Wing* applies to the instant case.[3] The Court's revocation of

---

[3] The Court acknowledges that other circuit courts have rejected *Wing's* reasoning. *See e.g. United States v. Harris*, 878 F.3d 111 (4th Cir. 2017), *petition for cert. filed,* No. 17-8270 (U.S. Supreme Court Mar. 26, 2018), (upholding second revocation of term of supervised release

Sullivan's first term of supervised release annulled the term of supervised release that the government seeks to revoke with the July 7, 2017 petition. Under *Wing,* the Court cannot revoke the defendant's second term of supervised release "based on a violation of a condition of a previously revoked term of supervised release," *id.* at 868, because "[a] term of supervised release after imprisonment [upon revocation] is not the balance or remainder of the original term of supervised release, but, rather, is a new and separate term," *id* at 870. Consequently, the pending petition for revocation is moot.

The Government's argument that the petition was timely filed does not alter this conclusion. The Court acknowledges that 18 U.S.C. § 3583(i) authorizes a court to revoke a term of supervised release after that term has expired if a warrant or summons issued before the violation. There is no challenge to the timeliness of the filing of the

//
//
//
//
//

---

because revocation does not end a term of supervised release; only termination ends the term without the possibility of its reimposition or continuation); *United States v. Cross*, 846 F.3d 188 (6th Cir. 2017) (upholding district court's authority to revoke defendant's supervised release a second time based upon the court's discovery that defendant had committed a second violation, even though violation occurred before a first revocation). This Court, however, is bound by the authority of *Wing*.

July 7, 2017 petition. However, even if the petition was timely filed, it can have no effect because the term of supervision to which it pertains ended when it was revoked.

For the foregoing reasons,

IT IS ORDERED that the Petition for Warrant and Order to Show Cause (Doc. 179) is dismissed.

Dated this 31st day of August, 2018.

Honorable Jennifer G. Zipps
United States District Judge